Hear ye, hear ye, hear ye. This Honorable Puppet Coroner of the 2nd District is back in session, pursuant to adjournment. The Honorable Catherine E. Zienhoff presiding. Thank you. Please be seated. Your Honor, this is the second case of the morning called 214-312, Dr. Sumthorne, a puppeteer, v. Woratharnmo, Juan de Stey as intervener. On behalf of the Avalanche of de Stey, Mr. Amir R. Kamaseki. On behalf of the Buddha Dharma Meditation Center, Mr. J. Matthew Pfeiffer. On behalf of Mr. Sumthorne, a puppeteer, although not arguing, in attendance, Mr. John L. Miller. Thank you. Good morning, counsel. Good morning. Mr. Tamahasi. Sabi, I'm sorry. I mispronounced your name. It's Tom, Judge. Tamaski. Oh, Tamaski. Yeah. Oh, well, okay. Thank you. May it please the court, counsel. Good morning, justices. As counsel mentioned, my name is Amir Tamaski. I represent Ms. Stang in this appeal. Justices, there are only two points that I want to make. And given that this is a court that upholds and interprets the law, I think it's appropriate to start with what I think is the fundamental legal question in this case. And that is, what authority does an attorney need in order to settle a case on behalf of his client? I want to discuss that first. And then second, I want to go to what actually occurred at the settlement conference at issue here and the evidence that was presented in the actual petition. So if you look at the leading cases on what authority an attorney needs in order to settle a case on behalf of the client, I think it's clear from the Brewer case, from the Blucher case, even from the Saccoon case cited by the appellee, that there has to be express authority. I don't think there's any dispute over that. Now, the analysis gets a lot more complicated when we talk about, what does express authority mean in the context of an attorney-client relationship? Because certainly an attorney-client relationship gives rise to legal duties that this court's well aware of. And then on the other side of that, or kind of akin to that, the attorney-client relationship is known as one of an agency relationship. And I think this is where the analysis gets a lot more complicated. When you talk about the attorney-client relationship in the context of also an agency relationship. And then why don't we also put that right in a judge's chambers in a courthouse? Okay. How do you address that? Right. And that's exactly what happened here, right? So the question becomes, is when there's an agency relationship in the context of an attorney-client relationship, does things like, words like apparent authority, words like presumptive authority, do those type of things come into play to allow an attorney to settle on behalf of a client? And that's where I think the circuit court respectfully was in error here, is that they saw Mr. Alexander as an agent of Ms. Stang. And they made findings that he had apparent authority to settle on behalf of Ms. Stang. And did he not represent to the court that he had authority to settle for her? Well, and that's a factual dispute. He rep, according to judge... Well, you accept that in your brief. I do. You accept that. So it's not in dispute for purposes of the record here. No, for purpose of the record, I'm accepting everything that the circuit court said happened at the settlement conference. Including the affidavit of Mr. Alexander, where he said he represented the board of directors and Ms. Stang was the spokesperson for the board. That's correct. So that was the glitch, in your opinion, that as a spokesperson for the board, that's not individual representation. That's right. And that goes to the crux of Mr. Alexander's representation. He was there on behalf of the board. And that's clear from his affidavit. I don't think the circuit court disputes he was there on behalf of the board. What the circuit court said as well, when he was there, he made it appear that he could also settle Ms. Stang's claims individually. So he was perpetrating fraud on the court. Essentially, he was lying to the judge. That's what the circuit court found. Has he been reported to ARVC by any of the lawyers involved in this litigation? I haven't reported him, your honor. And I know Judge Sheen discussed that he was going to contemplate whether or not to report Mr. Alexander. Well, your responsibility, no one's responsibility is relieved because you believe somebody else is going to file your report. That's true. That's true. If it's a HMO violation, it's a HMO violation regardless. If, in fact, he was perpetrating a fraud on the court, Mr. Alexander's position will be and was to, it was in his affidavit that he didn't say these things. So whether or not it's a HMO violation, I think, Justice, respectfully, you'd have to look at Mr. Alexander's position as well. And then it's the attorney's decision as to whether or not, based on what he's been told from Mr. Alexander, he thinks it's appropriate to report him under HMO. And in this case, based on what we've discussed with Mr. Alexander, he's put in a sworn statement that, in fact, he did not have authority to represent her individually. He never made any representations to that effect. So that's the reason, at least from our perspective, he hasn't been reported to the ARDC from our side. But going back to whether or not an attorney has expressed authority, and the evidence before this court is that Mr. Alexander, there is no evidence that he had expressed authority, Mr. Alexander. It's what we have is we have the affidavit of Brian Alexander saying he did not represent her individually. We have the fact that there was no appearance filed. We have the fact that Mrs. Stang was not individually a party to the litigation for which the settlement conference was held. And then we have the testimony of Wanda Stang, whereby she said, I never retained him to represent me. Let me ask you a procedural question. Sure. When Mindy Heidel withdrew, she represented both of them, that is, the temple as well as Mrs. Stang, correct? Yes. Okay. Then Mr. Alexander substituted for the temple. That's right. Okay. What would the trial record show with respect to the proceedings as to what opportunity she had, an obligation she had to get representation in that lawsuit? She wasn't appearing pro se. Was she in that lawsuit? No, part of the law. Proceeding after that? Yeah, just part of that lawsuit was dismissed and included her in her individual capacity. When we say that lawsuit, we're talking about the lawsuit in DuPage? In DuPage. So there were a number of consolidated cases. At the time of the settlement conference, Mrs. Stang was no longer a party individually. No, we're talking about prior to that, I assume. When Mindy Heidel withdrew? Yes. Okay. Then the same day, Mr. Alexander came on as substitute counsel for the temple. Right. She was still a party to the litigation then? At that point in time. Right. We all know that the rules provide that then the court would give a person without representation 20-some days to get a new attorney and appear in court. What actually happened here? She never did get a new representation and she was dismissed from the lawsuit. But not on that, yes. Well, that was the question. At what point? I don't know the date, Justice. Well, isn't that important that who was speaking on her behalf at the time the case was dismissed and whose motion was the case dismissed? Was it a voluntary dismissal? Those are questions of fact that we don't have answers to. Those are, and I would suggest that because those were prior to the settlement conference and she was out of the case, it wouldn't affect what took place on the day of the settlement conference that she... No, but the point is that Mr. Alexander, if he stepped into the shoes of Mindy Heidel and it was still a case involving Ms. Stang and the judge was left with the clear impression and all of the lawyers are still left with the clear impression that Mr. Alexander continued to represent Ms. Stang, the gap in the record doesn't fall on the shoulders of the appellee. It's on your shoulders to demonstrate that there was no... There's no question of fact here. He was clearly not representing her because the trial courts cloaked with the presumption that he followed the law and his findings of fact are accurate. I guess I would just... My own response to that, Justice, would be that at the time she was not in a party to the lawsuit, so there would be no reason for... At what time? At the time of the settlement conference that Judge Sheen held. Again, that's not the point that Justice Sienoff and we're asking you is when Mr. Alexander filed his appearance, there was still a case against Ms. Stang, correct? At the time he filed his appearance, yes. And he was stepping into the shoes of Ms. Heidel. And I understand what the appearance says. Right. But there's also the physical appearance in open court as to who's taking over the litigation. I understand that. So I guess my response would just be that ultimately Ms. Stang was dismissed. So the fact that she was no longer a party to the lawsuit after Ms. Heidel left and after Mr. Alexander appeared, it would make sense that at the time of the settlement conference there would be no reason for the circuit court to believe Mr. Alexander was there acting on her individual capacity. That was my response, Justice. I think the point is when she was dismissed, what, if any, action did Brian Alexander take in order to effectuate that dismissal? Did he step up on her behalf? Did he tender the order? Did he do anything to further her interest in that case, which would then seem to give rise to express authority? Right. No. The answer to that is no, Justice Jorgensen. How do you know that? Because it's in the record. From the day one when Mr. Alexander came on, he came on on behalf of the temple. OK. The first instance that he spoke, and if you look at the actual transcripts, if you look at the actual transcripts, never does he speak on the record on her behalf. He's very clear that he represents only the temple. And he's very clear even after they come back from the settlement conference, there's no mention of her individually. Back up. At the time of the dismissal, how does that come about? The dismissal of her individual claims? Or her individually, I guess. It was dismissed by Judge Polk. Joy, I can't tell you the exact circumstance around that. OK. So you don't know if Brian Alexander did anything to procure that dismissal? I know Brian Alexander had no involvement with Mrs. Stang. I've been through that portion of the record, Justice Jorgensen. And if you look at it, at no point did Mr. Alexander take any action on behalf of Mrs. Stang. What happened in the settlement conference aside, that would lead the circuit court to believe he was, in fact, representing her individually. And I think you'll find that the appellate won't be able to point anything out. Prior to what occurred at the settlement conference, whereby Mr. Alexander was taking action on behalf of Mrs. Stang. Why would Mr. Alexander, according to the trial court, why would he try to secure releases on her behalf if he wasn't representing her? I can't answer that question. That's a question that bothered me from the start. Well, shouldn't there have been a hearing on this issue and not a case not decided just on these planned affidavits? In other words, there should have been some type of an entry hearing. That might have been if we would have requested a person whose obligation is to request a hearing when there's questions of fact that need to be resolved. That would have been our obligation, Justice. But as far as we saw the record, because we saw there was no evidence of express authority. There was no evidence of express authority. I don't think you can take Judge Sheen's recollection of what happened as evidence of express authority. I think you need something more than that. If you look at the Brewer case, they said you need some evidence of express authority. Because even in that case, the trial court said, just like Judge Sheen said, the trial court said, hold on, I was there. He said he had authority to settle on her behalf. And that's the same thing we have here as what happened in Brewer. Respectfully, Judge Sheen said, I was there. He told me that he had authority. Well, that's not evidence of express authority. You need something more than that. And what is in this record are two affidavits, Mr. Alexander's and Mrs. Stang's. And neither of those show any evidence of express authority. Again, when he stepped into the shoes of Ms. Heidel, there was still a pending claim against Ms. Stang. That is evidence of express authority. Not in and of itself. Because if you look at the Brewer case, Justice. No, I said in and of itself, together with other facts that may give rise to a finding of express authority. I agree with you if Ms. Stang continued to be in the case individually. Or if she continued to appear in court. We don't even know that. She didn't appear in court. She was not there for the settlement conference. I'm talking about other dates. Do we even know whether or not she attended? She attended as an observer. She never attended. She never stepped up and said, you know, I'm here on behalf of myself. At that point, I don't think she was allowed to, to say the truth, Justice. Your point is, at best, it's apparent authority. At best, it's apparent authority. That's exactly right, Justice. At best, you've got a situation where it appears a lawyer is acting on behalf of a purported client in a settlement conference. And if you look at, you know, the one case that they cite is the Sakoon case, which is the one that I looked at and said, this could be troublesome. But when you look at the affidavit submitted in Sakoon, the client of the lawyers admit that they gave the attorney authority to act in the settlement conference. Authority to settle the case on their behalf. That's a lot different than what we have here. Here we have no evidence that Mrs. Stang gave any authority to Mr. Alexander. And absent that evidence between the lawyer and the client or the lawyer and the purported client, irrespective of what the court may glean, and I agree with you, Justice, it can get confusing if somebody's withdrawing, somebody's coming in on, I see where you're going and the problem with that. But I think because the case on Brewer is so clear, there needs to be some evidence and there's not. Would you agree that since your position is that Mr. Alexander no longer represented Mrs. Stang, that any communications they had after her case was dismissed would not be subject to attorney-client privilege and we could have a hearing if we remanded the case on the issue of express authority? Absolutely. Absolutely. And that would be alternatively as- Would that be a fair outcome here? I think so. I think so. Once the settlement agreement was reached, or the principles of a settlement agreement was reached in chambers with the judge and the attorneys present, was there an order entered expressing the fact that the matter had been settled? There, I believe there was an order entered expressing that there had been a settlement in principle, but there have been no terms put on the record. There have been no discussions of any specifics. That's why when the settlement agreement was sent over to Mr. Alexander, he immediately, and Justice, I agree, there's no privilege here between Mr. Alexander and Mrs. Stang. He immediately contacted her and said, this is what they're proposing. I don't know where the portions that dealt with her individual claims. He contacted her? Yes. Why would he contact her? Because he's the one that received the draft settlement agreement and he knew there was an issue. And he said, you better find somebody to protect your rights. I don't represent you individually. And that's what Mr. Alexander did. That communication is not in the record, but his email is in the record. His email. His email, which says, essentially, you're paraphrasing, but that's what it says. It's communicated to his clients, which included Stang. So he thought there may have been some mistake between he and Mrs. Stang as to who he represented, because he thought he still represented her. Well, I think Mr. Alexander made the mistake of thinking that Mrs. Stang, as a representative of the temple, was also his client. And as you guys are aware, when you're talking about a corporation, you have the contact, but that's not your client. And it's an important distinction that lawyers need to make, and it didn't get done here. And that's part of the problem. But, Justice, I think you're right. If an evidentiary hearing may be something that's appropriate to really flesh this out. We didn't request it, because at the time, we saw the affidavits as being the only evidence that there was no express authority. I have a question for you, more on a policy. Trial judge, and you mentioned that it was Judge Popejoy originally. Now you have a new judge comes in, trying to set the case for a settlement conference on a myriad of parties and claims. Two counties, no less. Two circuits. What is the obligation of the trial court to determine who represents who and who has the authority to settle what? Should that be just right after everybody identifies themselves, say, okay, I have before me 20 causes of action, 20 counts, whatever it would be. Who has authority to settle what here? And on behalf of whom? Is that what we're saying here? If we were to accept your perspective, are we saying to trial courts, boy, don't make any assumptions here. No matter who steps up for what, make a record on who represents who and who has authority to settle what. I think that's a good policy question. My initial reaction to that is, as a matter of policy, it seems a little onerous to do that and have to say, hey, lawyers as officers of the court should be able to decide who they represent in the court. If they can't accept that, then we've got a huge problem with our system. The problem is bigger than this. And I think you'll see this is a case of somewhat first impression insofar as all the case law that we see talks about. There's no question that the lawyer represented the client. The question is, how far did the lawyer's authority go to settle? And here, there's even a question as to whether there was representation at the settlement conference for Ms. Stang individually. And I think that's what leads to your question, Justice Jorgensen. No, I don't think that we have to get to a point where lawyers and judges have to sit down and say, who do you represent? What authority do you have? I think that's why, in this instance, it's a separate, a different situation. And that's why the affidavits, I think, make it clear that what happened here was not express authority. When the settlement conference occurred, was Ms. Stang at that time represented in the Cook County cases by Mr. Antonetti? She was. She was. And there's no, we have no information as to whether or not there was any communication between Mr. Alexander and Mr. Antonetti? With respect to the settlement conference? Other than the affidavits. Other than what happened, occurred subsequent? No, Judge.  It's just not in the record. It's not in the record. And I'm not aware of communications between Mr. Alexander and Mr. Antonetti, with respect, prior to the settlement conference, that would have any effect on what occurred. Wouldn't that have a bearing on whether or not there was authority? It certainly could. If there was questions, for instance, if there was an evidentiary hearing and Mr. Antonetti was put on the stand and asked about his communications with Mr. Alexander and he said, I told Mr. Alexander, set up then. After the trial court ruled, was there any thought to maybe go out and see whether or not some further conversation with Mr. Antonetti or Mr. Alexander may have revealed that there may have been some communication that you weren't aware of? For purposes of a motion to reconsider? Yeah, with respect to my conversations with Alexander, which I can tell what happened to this court before we filed the motion to vacate, Mr. Alexander represented to me that he had no conversations with Mr. Antonetti that would have given him any type of authority to settle on behalf of Ms. Stang. Otherwise, Justice, I wouldn't be before you. But that's certainly a pertinent question. Okay, you'll have time on rebuttal. Thank you, Justice. Thank you. Mr. Feiffer? May it please the Court, good morning, Justices, good morning, Counsel. My name is Matthew Feiffer. I'm here on behalf of, excuse me, Buddhadharma Meditation Center, which is now known as Wat Buddhadharma NFP. Some of the points that have been raised during the appellant's argument are interesting, to say the least. I think the one takeaway that the Court should have from this is that this wasn't a situation where this was a settlement conference at someone's office. This wasn't a settlement conference. All right, the record's clear. This was in the judge's chambers. It was in the judge's chambers. The judge participated directly. The judge sat next to me, sat next to the counsel that set the table to my right. And Mr. Alexander was there. But why should that make a difference as to where it took place? It makes a difference because the presumption is that everyone in that room came to the table with some authority to settle the dispute. Apparent authority. Apparent authority. So what about express authority? Which is what is needed according to the case law. The express authority comes in the form of Mr. Alexander's representations to the judge, which I think Judge Sheen made clear in his ruling on the motion to enforce settlement. The representations in that room were such that Mr. Alexander needed to talk with his clients, plural, and she needed to have a release, feminine form. You don't usually talk about corporations in the feminine form. There were several representations made during the course of that meeting that suggested to myself... Counsel, I'll let you get back to your point. But isn't the bottom line here, no matter what the attorney says, if he doesn't have that authority, he can put it in writing, he can scream it at the top, sitting on the table of conference. I have authority to settle this. But if he doesn't, no matter how many times he says it, it doesn't make it so. The fact that an attorney comes to the court and makes those pleas to the court for purposes of settlement, I don't think Judge Sheen should be required to inquire further beyond this attorney's representations. Right. That's the policy question I was driving at. But don't you have to have something more than an attorney saying, I have the authority to settle, when the client is saying, no, you don't. You don't even represent me. Respectfully, I don't think so. Because then that undermines the whole settlement process. The whole point... How can someone settle a claim that they have no authority to settle? Because he did represent that he had authority to settle. But he didn't. I mean, is the chicken and egg here? The chicken and egg is the case that you cite. Okay. Oh, excuse me. I have a follow-up question here. So if he says he has authority, your position is, if that occurs in a courthouse at a conference settlement, that's enough? Before the trial court, yes. It's different than if he made the representation to a table or two. Now, if she comes in and says he didn't have authority, should she bear the burden of a renegade lawyer saying, I do have authority when I didn't? I think so. And I think the Sakoon case makes it clear that it takes more than coming in with affidavits to counter the presumptive settlement. So is it evidentiary hearing the remedy here? Again, I don't think so. Because in my mind, it's whether or not Judge Sheen had abuse of discretion in finding that there was a settlement. No, no, no. But in order to find there was a settlement, he has to find that there was express authority to settle. By the way, and I'm sorry to keep going down here. The individual claims of Ms. Stang were pending in Cook County, not pending in DuPage. Is that correct? Correct. So this global settlement. Exactly. Within the confines of a DuPage County judge's chambers, by reference, claims pending in a different circuit. Is that correct? Right. And not only that, but in a different country. There was actually another case in town. That's a whole other, yeah. And the whole point of the exercise of the settlement conference was to settle all the claims together because none of the parties want anything to do with any more litigation. So at the time of the settlement conference, every case was discussed. And the settlement documents reflected that. And it wasn't right after the proposed settlement and the motion to enforce was sent over to all counsel and to Ms. Stang that there was some discussion about whether or not there was this authority or not. That's when Mr. Alexander's email, well, before the motion to enforce settlement, there was an email exchange with Mr. Alexander where he said, my clients, plural, are not willing to go forward. There was a, Mr. Alexander realized at some point in time that he'd made a huge mistake. I think so. And that's pretty clear when you read the memo because he didn't represent Ms. Stang in the Cook County cases and everybody knew that, right? He didn't have an appearance on file. I don't know to what extent he was- Well, he didn't have an appearance on file. That's- Right. There was clearly no showing of either implied or express authority in Cook County because she was represented by another lawyer, correct? Yes. And all the lawyers knew that? All the lawyers knew that there was another attorney handling the Cook County case who was- Right. So when an attorney represents that he has the authority to dismiss claims in another county and he's not the attorney of record on that case, isn't it incumbent upon you and the other attorneys who are attempting to settle these cases to at least confirm Mr. Alexander's authority? And I think that goes back in part to Justice Jorgensen's policy question. How deep do we have to dig to facilitate the settlement process? I think that as an officer of the court, attorneys should be bound to represent truthfully what their positions are in a case. So any relief that she might have would be in a malpractice action against Mr. Alexander? I think so. And to your point, Justice Burkett, with respect to the Hemel violation, Judge Sheen did note on the record that he felt there was an issue here with the presentation of a false affidavit. I saw what he said. He said it was not completely true. Right. And from our standpoint, we did not want to bring an ARDC complaint solely for the fact that we did not want to look like we're gaining an advantage in this case by reporting- Whether or not you gain an advantage in a case or not doesn't relieve you of your Hemel obligation. It has nothing to do with the progress of the litigation. Your obligation is to report if you believe an attorney has committed a fraud upon the court. And that's upon us. We believe that Judge Sheen was going to take the next step. We should- I agree. We should similarly have taken the next step as well in addition to whatever the judge decided to do. What about the suggestion for a remand for a hearing to determine whether or not there was actual authority? I think that just based on the record that we have, again, there was enough for Judge Sheen to determine at the trial court level that there was a settlement. When the settlement was attacked on that petition to intervene and there was an objection to the entire settlement as Mr. Alexander not having authority, I think Judge Sheen did have enough information and evidence at that time to unequivocally state that there was a settlement. He participated in it. He directly asked questions of all counsel. And he got affirmative representations from everybody that there was a settlement and what the terms would be. Now- That's not what the case law says, though. Yeah. Well, now- Do you have a case that says that, that the trial court can rely exclusively on an attorney's representations to settle a case? Not exclusively, but as you said earlier, Justice- Well, I'm saying- It's a totalitarian- There's enough here, I think, that it gives the strong, clearly a strong impression that Mr. Alexander stepped into the shoes of Ms. Heidel when there was still a viable claim against Ms. Stang. And then that case is later dismissed. Does the trial court have to inquire, or shouldn't the trial court inquire, do you still represent Ms. Stang? Her claim has been dismissed? Or can't the trial court just go on and act under the impression that he still represents Ms. Stang? I think that the trial court judges should be able to rely on the representations of the counsel before them. And I think it's an obligation of the parties who are before the court to know what the attorneys are doing. And are you saying, then, that Attorney Alexander represented to the court that he had expressed authority? Yes, in the settlement comments. And counsel, we were all in a settlement conference. There was no mistake in our mind, and in Judge Sheen's mind, for that matter, that he had authority, expressed authority, and that there would be a settlement for everyone, including Ms. Stang. He said he took meticulous notes during the conference and read from those notes and noted in his order that Mr. Alexander sought a release specifically on behalf of Ms. Stang. For her individually. Okay, with all due respect, you keep saying there was no doubt in my mind. We all talk. We all proceed. Where that all comes under the category of apparent authority. Where is, you know, where's the smoking gun? Where is the expressed authority that Brian Alexander represented Ms. Stang in the Cook County cases that were being compromised in the course of that settlement agreement? Let me just ask you, particularly in light of the fact that I think there's been a concession that the lawyers did know that there was a different attorney that represented her in Cook. All right, let me just ask, related to that, does express authority have to be in writing or can express authority be explained orally or can it be oral? In other words, would Attorney Alexander have to have presented something in writing at that conference or could he have, I was going to use the word express, but anyway, said that he had express authority by the language he used in that settlement conference? Express authority should come from any action that outwardly explains to some other person that there is authority that that person has. Whether it's a verbal statement and especially, and I think we're undermining the fact that this was an attorney, an officer of the court, participating in a settlement conference with a judge of the circuit court. And so the presumption is that any statements you make to that judge are going to be truthful representations. And if the attorney is verbally representing to the judge, I want a release for Ms. Stang. I want these cases to be all globally settled. So you're saying that's enough to indicate that he had express authority, actual authority? I think so. And when you combine it with the setting, when you combine it with all the statements that were made, the email exchange, there's a lot of different little facts that pile up to show the express authority that Alexander had at the settlement conference. Now, I think the question boils down to which holds more weight, really? Judge Sheen's interpretation of the situation in his ruling or these two affidavits that come in afterward and say, well, Alexander didn't have authority to settle? Doesn't Judge Sheen's findings simply reiterate what Alexander said during the course of the settlement conference? Is that correct? Would that be a correct assumption? Judge Sheen laid out his analysis of what occurred and what he believed the affidavits to be. Upon learning that the, of the settlement, Ms. Stang essentially immediately sought to intervene, correct? Yes, there was a petition to intervene, and then there was a hearing on that. And it was immediate. She didn't wait. It was fairly quick, wasn't it? I don't, I want to say it was a couple of weeks or three weeks. But it was clearly less than 30 days. Yes, I believe so. And that petition to intervene was granted? There was an interesting discussion in the record where Judge Sheen actually decided that he said, he said she was already a party. Right. But she wasn't a party at that time. Right. And she had been participating in the case, but she wasn't technically a party at that time. And I think that's why Judge Sheen worded it the way he did. Right. Allowed her to intervene. So that is evidence in the record that she was at least surprised or stunned by the settlement, correct? I wouldn't take the judge granting the petition to intervene in that light. I would say that I think he was trying to be as fair as he could to allow Ms. Stang to come in and make all the arguments that she could possibly make in light of the fact that he did make a decision that there was an enforceable settlement. So I think, and I don't want to speak for Judge Sheen, but I think in his mind, his position was, I'm going to allow you to intervene for the purpose of you bringing forth to me why you think the settlement shouldn't be enforced. Isn't it somewhat incongruous for Judge Sheen to find, based on his recollections, that there was express authority here to represent her and then by the same token, apparently on the record, contemplate that the same conduct would form the basis of an ARDC complaint? That's somewhat conflicting. Like, in other words, what you said is enough for express authority. But you know what? I also find it to be ethical misconduct such that I am contemplating whether or not I should report this to the ARDC. Isn't that somewhat of a conflict? I think... I mean, they both can't be true. Well, I think the ethical issue is the submission of an affidavit that Judge Sheen believes to be false. That was the issue. Right. That was the issue, was whether or not he represented false statements of fact. It had to be one or the other. It had to be at the top. Exactly. It had to be one or the other. It had to be at the settlement conference that he was misrepresenting or it had to be in the affidavit that he was misrepresenting. And Judge Sheen made the finding of the latter, that there was a false statement in the affidavit. And that's paragraph five where he says he expressly represented her. And it's clear. It was at least clear in his mind that the affidavit was false. Right. And that's in page five through nine of the record. There was actually a detailed analysis that Judge Sheen laid out about how he arrived at the decision and why he thought the affidavit was false. And again, he participated directly in the settlement conference itself. And so that's why he went through all of the reasoning that he did to point out why he thought the affidavit was false. I believe to give you a record. One of the cases that you cite as authority for your position is Rose. Yes. But in that case, the dispute was not about who represented the parties. The dispute was over the terms and whether or not the settlement constituted a contract. How is that? How is Rose even relevant to the issue of authority to sell? Because in Rose, ultimately, the issue was whether there was an agreement reached with the judge. And that's why we had it. Again, settlements in conference, as long as the parties represent in a conference with the judge in Rose, they treat it as a settlement in open court. And the issue was not representation. The issue was the terms of the contract. Frankly, I have never seen any case that dealt with whether or not an attorney had authority to enter into a settlement. It's, I think, presumed that when the attorney appears and represents to the court that he has authority. And these are the terms that he's looking for, for that party, that there is express authority on that person's behalf. If, if you, I'm sorry, I take it back. Go ahead. Finish your answer. No, go ahead. That's fine. Okay. I know I'm out of time. So as many questions as I can answer. We got all day. Um, if you, if an attorney though, makes a false statement that he or she has authority to settle, but everybody else believes it enters into a settlement agreement, who bears the, who bears that burden? Is it Ms. Stang or is it the attorney? It's Ms. Stang, I think, according to the case law, because the litigant has to know what the attorney's doing. Only if that attorney represents me. Am I responsible to say, geez, you know, that case I got dismissed out of, I better follow that and make sure nobody's compromising my, my rights that, oh, by the way, are pending in a different County. Is that our policy that we're going to say that to a, a used to be client or a maybe client that you have that burden to follow these cases and know who's representing what about you? I think that's kind of the same trick bag, respectfully policy question that I asked counsel. I think on a subjective basis for this case, there was enough for judge Sheen to determine that this attorney had not just a parent authority at a minimum, but express authority. All right. And isn't that really, wouldn't that finding of the trial court be appealable and wouldn't, shouldn't we step back and look at it and say, was it reasonable for the trial court to conclude that based on the representations by counsel? Well, then we get to the waiver issue that I didn't discuss, but you know, as justice Burkett mentioned, why not a motion to reconsider? Why not come in at that time and say, wait a minute, I've been wronged here. I need to straighten this out because I never agreed to this personally. Instead, it was afterward that these two affidavits were submitted. And again, these affidavits was in the motion to vacate, right? Yes. That's when they came in. And then these two affidavits were submitted. And that's the only evidence that the appellate has. They could have asked for a hearing. They could have asked for a hearing. And I think they waived that right. But what I'm, what I was just at the court is if these two affidavits are all they have and judge Sheen had a conference with all counsel present and we had statements made from that attorney that were specifically directed toward that individual. That should overcome any affidavits that are submitted after the fact because to hold otherwise we would render the settlement process. What about the case law that says if you're, if you're an attorney and you rely on the fact that the other guy says he has authority to settle and he doesn't, that's your peril. That's different because we're taking the judge out of the picture at that point. I think with the, with the judge being there, it lends a different type of error to the settlement process with the judge being there respectfully. I think judge Sheen was in the best position of anyone to decide whether there was an enforceable settlement. He participated directly in the process and he, you know. But he never asked, did he? He never asked if you have authority to settle a Cook County case. We don't think he had to because of the representations made. I mean that's, that's simple. Mr. Alexander said in exchange for this we need a release. Yes. He's willing to, she's willing, she's willing to dismiss the Cook County cases in exchange for the releases. That was the representation. Right. And your argument is that the harm that would be done to all the parties in this litigation would be extensive if we were to. The harm I see, Justice Burkett, is that to allow affidavits after the fact like this to challenge a settlement would result in a lot more, a lot more actions having to be done for the settlement process. It would, it would require many more representations in writing. It would give people who had buyers remorse on a settlement an easy way out. One more question. Who represented Ms. Stang at the time the DuPage County cases were dismissed? At the time the settlement? When her DuPage, no, prior to that, prior to the, prior to the settlement. Who represented Ms. Stang at the time her claim was dismissed? After her prior attorney withdrew. Right, Indy Heidel withdrew on January 19th, 2010. And the order granting substitution of counsel for Mr. Alexander. To my knowledge, the appearance that was filed by Mr. Alexander referenced only the corporation. Right. So who represented her between that time and the settlement conference? I don't. Before the settlement conference started, who represented her? I don't believe any appearance was filed on her behalf. It was our understanding that Mr. Alexander and Mr. Ancinetti represented her interests. And that Mr. Alexander had, had the ability to act on her behalf. But who, who appeared in court at the time the case was dismissed against her? That I don't know. I think that was before my time. I came into the case in 2010. To understand my point, she's, there was still a claim involving her individually when Heidel withdrew from the case and when Mr. Alexander stood in. Yes. So was she unrepresented when it was dismissed or was she represented? As far as the record shows, I don't believe anybody substituted an appearance for her individually. I don't recall it. As I sit here, I don't recall if she filed a pro se appearance because she had done so in other cases. I can't, I can't recall from the record, Justice. I'm sorry. Thank you, Justice. I just have a couple of brief points and then, of course, any questions you have. Justice Jorgensen, I didn't hear an answer to your question to counsel about, well, listen, just because a lawyer goes in and says, I have authority in a settlement conference and Justice, Judge Sheen's findings were only what Mr. Alexander said. Just because that took place, does that mean the attorney has expressed authority? Is that evidence of a lawyer's expressed authority? And the reason that the question can't be answered by counsel is because the answer to that is no. That's all we have. He did answer the question. I heard him say that verbal authority is sufficient and that there were verbal representations. That's the answer I heard. That was the answer he gave to your question, not mine. Right, right. And I agree. I don't dispute that a lawyer can receive oral expressed authority. I think that certainly can occur. It doesn't have to be in writing. I don't think that's any question. But what can't be answered is just because a lawyer comes into a settlement conference and says, hey, I've got authority to settle for client A, B, and C, and I'm ready to settle. And he says that. And the judge hears it. And he says he's settling those cases. That is not evidence of the expressed authority to settle those cases. And that's the gap that we have here. What would be? Some type of testimony from either the lawyer or from the client or some indication, some evidence, an appearance on file that, in fact, that lawyer was acting on behalf of the client. So I do think an evidentiary hearing may have been appropriate here. Now that I'm thinking about this, Justice Burkett, I don't think it was my burden to ask for it. I think given the affidavits that were submitted, it's something that should have been asked for by the appellee. And I'm not saying that they necessarily that it's waived on either side. But thinking about that, I think maybe it was. Rather than just vacate a settlement based upon your argument that there's no showing of expressed authority, wouldn't it be prudent to at least allow the parties to have a shot at an evidentiary hearing to see what was said by whom and when? I agree. I think if we're talking about justice and equity, which is what we're here for, and given the record that's before this court, I'm in agreement with that. And we still don't know about how the claim against Ms. Stang was dismissed and who represented her at that time. That's correct. And that's our fault for not having that clear. The only other point that I wanted to make, Justice, is it's interesting, after the settlement was reached, you pointed out Mr. Antonetti came in pretty much right away on the petition that you're being. And he attempted to speak at one of the hearings, which I think we cite, and saying, I don't agree with this. And the counsels for the rest of the lawyers in the room said, why are you even talking? You know, Mrs. Stang isn't a party to this individually. You have no say in this. And then they want to turn around at the same time and say, oh, but her case is completely settled. So that's just another, I guess, kind of inconsistency or conflict in the record. And the Cook County cases have been stayed? They've been stayed, yes, Judge. That's all I have, unless you guys have anything to add. No. OK, no. OK, thank you. All right, thank you very much, counsel, for your arguments. The court will take the matter under advisement and render a decision. And of course, we'll stand in brief recess until the next case. Thank you.